### REILLY v. MAYOR, ETC., OF THE CITY OF NEW YORK.

*(Supreme Court, General Term, First Department.* June 6, 1890.)

DISTRICT ATTORNEY—COMPENSATION.

> Under Laws N. Y. 1871, c. 583, creating a board of apportionment for the city and county of New York, with authority to regulate the salaries of officers and employes of the city and county, a subpœna server in the office of the district attorney, appointed under a resolution of the board of supervisors of the county, is a county officer, whose salary may be reduced by such board from the rate fixed by the legislature. Following *Dolan* v. *Mayor*, 6 Hun, 506.

Appeal from circuit court, New York county.

Action by James Reilly against the mayor, aldermen, and commonalty of the city of New York to recover salary as subpœna server in the office of the district attorney of the county of New York. The plaintiff was appointed a subpœna server in the office of the district attorney of New York county January 1, 1868, and served until January 1, 1872. His salary was originally

fixed at $1,300 per annum. By act of the legislature (Laws 1870, c. 382) it was increased to $2,000 per annum. By Laws 1871, c. 583, a board of apportionment was created for the city and county of New York to regulate the salaries of officers and employes of the city and county government. This board, by resolution adopted June 19, 1871, reduced plaintiff's salary to $1,300 per annum, to take effect July 1, 1871. He accepted payment at this rate under protest. This action is brought to recover the difference between the amount he was paid and the amount he would have received had his salary been continued at $2,000 per annum. The resolution of the board of supervisors of December 20, 1864, referred to in the opinion, repeals all former resolutions relating to subpœna servers, provides for the appointment of seven subpœna servers, as theretofore, fixes their salaries at $1,200 per annum, and abolishes the system of payment by fees. There was a judgment for defendant, and plaintiff appeals.

Argued before VAN BRUNT, P. J., and BARTLETT and BARRETT, JJ.

J. Henry McCarthy, for appellant. J. J. Townsend, for respondent.

VAN BRUNT, P. J. We are unable to see any distinction between the case at bar and the case of Dolan v. Mayor, 6 Hun, 506. The attempt to show that the resolution of the board of supervisors, adopted 20th December, 1864, did not create the office of subpœna server to the district attorney, in no manner distinguishes the case at bar from the one cited. It is true that there is evidence that the district attorney, prior to the adoption of this resolution, employed subpœna servers, but the authority under which such employment was made by the district attorney nowhere appears. From the recitals of the resolution of the 20th December, 1864, it would, however, appear that such employment had been sanctioned by the resolution of the board of supervisors previously adopted, and which were repealed by the resolution of the 20th December, 1864. In any event, we are pointed to no authority authorizing the employment of the plaintiff by the district attorney except the resolution of the 20th of December, 1864. Under these circumstances the facts of the case at bar are precisely the same as those in the case cited, and that decision must control. The judgment should be affirmed, with costs. All concur.